IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECCA GUTIERREZ, *as personal representative to the Estate of Jacob Gutierrez*,

    Plaintiff,

v.                                                         No. 2:24-cv-555-GJF/KRS

OTERO COUNTY BOARD OF COUNTY COMMISSIONERS; NENA SISLER; SUSIE LOEWEN; VITAL CORE HEALTH STRATEGIES, LLC; ANDREA STAFFORD; and MARK LAIN,

    Defendants.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on March 12, 2025. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below:

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a)    Maximum of twenty-five (25) interrogatories by Plaintiff to the County Defendants;[1] twenty-five (25) interrogatories by Plaintiff to the Vital Core Defendants[2]; twenty-

---

[1] The County Defendants include Otero County Board of County Commissioners, Nena Sisler, and Susie Loewen.

[2] The Vital Core Defendants include Vital Core Health, Strategies, LLC, Andrea Stafford, and Mark Lain.

five (25) interrogatories by the County Defendants to Plaintiff; and twenty-five (25) interrogatories by the Vital Core Defendants to Plaintiff. Responses due thirty (30) days after service.

(b) Maximum of twenty-five (25) requests for admission by Plaintiff to the County Defendants; twenty-five (25) requests for admission by Plaintiff to the Vital Core Defendants; twenty-five (25) requests for admission by the County Defendants to Plaintiff; and twenty-five (25) requests for admission by the Vital Core Defendants to Plaintiff. Responses due thirty (30) days after service.

(c) Maximum of twenty-five (25) requests for production by Plaintiff to the County Defendants; twenty-five (25) requests for production by Plaintiff to the Vital Core Defendants; twenty-five (25) requests for production by the County Defendants to Plaintiff; and twenty-five (25) requests for production by the Vital Core Defendants to Plaintiff. Responses due thirty (30) days after service.

(d) Maximum of ten (10) depositions by Plaintiff, ten (10) depositions by the County Defendants, and ten (10) depositions by the Vital Core Defendants. Each deposition is limited to a maximum of four (4) hours unless extended by agreement of the parties, except depositions of parties, Rule 30(b)(6) designees, and experts, which are limited to seven (7) hours unless extended by agreement of the parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiff to move to amend pleadings or join additional parties: **April 11, 2025**;

(b) Deadline for Defendants to move to amend pleadings or join additional parties: **May 12, 2025**.

(c)     Termination of fact discovery: **August 11, 2025**.

(d)     Motions relating to fact discovery: **September 2, 2025**.

(e)     Deadline for Plaintiff's expert reports: **August 26, 2025**.[3]

(f)     Deadline for Defendants' expert reports: **September 25, 2025**.

(g)     Termination of expert discovery: **October 24, 2025.**

(h)     Motions relating to expert discovery: **November 7, 2025**.

(i)     Deadline for supplementing discovery/disclosures: **Due within thirty (30) days of receipt of information giving rise to the need for supplementation.**

(j)     All other motions:[4] **November 18, 2025**.

(k)     Pretrial order:  **To be set by the presiding judge**.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for

---

[3] The parties must have their experts ready to be deposed at the time they identify them and produce their reports.

[4] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order. Counsel should review and comply with the chambers-specific guidelines for the presiding and referral judges assigned to this case, which are available at *https://www.nmd.uscourts.gov/judges*. Each judge may have practices and submission procedures that counsel are expected to follow.

motions related to discovery does not relieve the party of the twenty-one (21) day time-period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

    **SO ORDERED THIS 12th day of March 2025.**

                                                                           KEVIN R. SWEAZEA
                                                                           UNITED STATES MAGISTRATE JUDGE